# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES RICONDA,<br><br>       **Plaintiff,**<br><br>v.<br><br>US FOODS, INC., and JOHN DOES 1-5 and 6-10,<br><br>       **Defendants.** | Civ. No. 19-1111 (KM)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

    This matter comes before the court on the motion of the defendant, US Foods, Inc., to dismiss Counts 1, 2, and 3 of the complaint for failure to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6).[1] Because the Complaint fails to allege that the plaintiff, Mr. Riconda, had a condition that was or was perceived as a disability, the motion to dismiss is granted.

## I.    STANDARD

    Rule 12(b)(6) provides for the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Animal Science Products, Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n.9 (3d Cir. 2011).

---

[1]    The complaint contains five counts. Count 4, a claim under the federal Family & Medical Leave Act, has already been dismissed. *Riconda v. U.S. Foods*, Civ. No. 18-12238, 2018 U.S. Dist. LEXIS 216231 (D.N.J. Dec. 20, 2018). Count 5 is not an independent claim, but a prayer for equitable relief based on "New Jersey law," presumably referring to Counts 1, 2, and 3, so it stands or falls with them. For present purposes, then, the motion to dismiss Counts 1, 2, and 3 is directed to the only remaining substantive counts in the complaint.

1

For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014).

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (Rule 8 "requires a 'showing' rather than a blanket assertion of an entitlement to relief." (citation omitted)). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Twombly*, 550 U.S. at 570; *see also West Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013).

That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.*

## II. ALLEGATIONS OF THE COMPLAINT

The plaintiff, James Riconda, was formerly employed by the defendant, US Foods, Inc. (Cplt. ¶¶ 1–2). He worked as a selector from June 15, 2015, until US Foods terminated his employment on July 9, 2017. (Cplt. ¶ 4).

The initial events occurred during a work shift running from the night of July 5 into the morning of July 6, 2017. On July 5, 2017, plaintiff became sick at work and vomited in the bathroom. (Cplt. ¶ 6). At around 12 midnight, he advised his supervisor, Estino, that he had become sick, and Estino told him to take a break. (Cplt. ¶¶ 7–8). After the break, Mr. Riconda's condition worsened;

2

he vomited and had diarrhea. (Cplt. ¶ 9). At around 1:30 a.m. (it was now the morning of July 6), he told the night manager, Frank Conrad, that he was going to the emergency room, despite having no sick days left to use. Conrad said it was okay to leave. (Cplt. ¶¶ 10-12).

At the hospital, Mr. Riconda was diagnosed with "a virus" and was told not to return to work until July 9, 2017. Therefore, on July 6, 2017, Mr. Riconda called in sick and said he would return with a doctor's note on July 9, 2017. (Cplt. ¶ 14). On July 9, 2017, he returned to work and gave the doctor's note to Mr. Conrad, who stated "okay." (Cplt. ¶ 15).

The next day, July 10, 2017, Conrad called Riconda into his office and terminated his employment based on his absence from July 7–9, 2017. The termination became official on July 11, 2017.

The complaint alleges that, because of catching this virus, Mr. Riconda was disabled and perceived as disabled within the meaning of the New Jersey Law Against Discrimination (NJLAD). (Cplt. ¶¶ 19–20).

The counts of the complaint relevant to this motion are as follows:

Count 1  Disability discrimination (New Jersey Law Against Discrimination ("NJLAD"))

Count 2  Perception-of-disability discrimination (NJLAD)

Count 3  Failure to accommodate (unspecified, but presumably including NJLAD)

This state-law case was removed to federal court based on the parties' diverse citizenship and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a).

## III.   DISCUSSION

Commonly, a discriminatory-discharge case may require a full factual record in which the employer's motivations, the actual basis for the discharge, the practicability of an accommodation, and so on may be explored. This is the comparatively uncommon case that may be disposed of on threshold grounds. The plaintiff alleges disability-based discrimination. His claim fails for lack of an allegation of a disability.

3

The elements of a claim of discriminatory discharge under the NJLAD are as follows:

> [P]laintiff must demonstrate: (1) that plaintiff is in a protected class; (2) that plaintiff was otherwise qualified and performing the essential functions of the job; (3) that plaintiff was terminated; and (4) that the employer thereafter sought similarly qualified individuals for that job. *Clowes v. Terminix Int'l, Inc.*, 109 N.J. 575, 596–97, 538 A.2d 794 (1988).

*Victor v. State*, 203 N.J. 383, 409, 4 A.3d 126, 141 (2010). "[F]or claims of disability discrimination, the first element of the prima facie case, that plaintiff is in a protected class, requires plaintiff to demonstrate that he or she qualifies as an individual with a disability, or who is perceived as having a disability, as that has been defined by statute." 203 N.J. at 410, 4 A.3d at 142.

To set forth a claim under NJLAD, then, a complaint must allege the reality or perception of a "disability" within the meaning of the statute.[2]

The statute defines a disability as follows:

> q. "Disability" means physical disability, infirmity, malformation or disfigurement which is caused by bodily injury, birth defect or illness including epilepsy and other seizure disorders, and which shall include, but not be limited to, any degree of paralysis, amputation, lack of physical coordination, blindness or visual impediment, deafness or hearing impediment, muteness or speech impediment or physical reliance on a service or guide dog,

---

2   A reasonable accommodation/retaliation claim, too, depends on a threshold allegation of a disability:

> To state a claim for retaliation under the ADA or NJLAD, Plaintiff must first show 1) that she requested a reasonable accommodation, 2) that she suffered an adverse employment action, and 3) a causal connection between the two events. *See, e.g., Williams v. Phila. Hous. Auth. Police Dep't*, 380 F.3d 751, 759 (3d Cir. 2004). *As Plaintiff cannot show she is disabled, her request for accommodation is unreasonable and her retaliation claims fail.*

*Adesanya v. Novartis Pharm. Corp.*, No. 213CV05564SDWSCM, 2016 WL 4401522, at *7 (D.N.J. Aug. 15, 2016) (emphasis added), *aff'd*, 755 F. App'x 154 (3d Cir. 2018).

4

wheelchair, or other remedial appliance or device, or any mental, psychological or developmental disability, including autism spectrum disorders, resulting from anatomical, psychological, physiological or neurological conditions which prevents the normal exercise of any bodily or mental functions or is demonstrable, medically or psychologically, by accepted clinical or laboratory diagnostic techniques. Disability shall also mean AIDS or HIV infection.

N.J. Stat. Ann. § 10:5-5(q).

> Thus, the term "disability" includes "two specific categories": physical and non-physical. *Nguyen v. Wal–Mart*, 2013 WL 3222498, *6 (D.N.J. Jun.25, 2013). "To meet the physical standard, a plaintiff must prove that he ... is (1) suffering from physical disability, infirmity, malformation or disfigurement; (2) which is caused by bodily injury, birth defect or illness ...." Id. Expert medical evidence is required if "the existence of a handicap is not readily apparent ...." *Id.*

*Photis v. Sears Holding Corp.*, No. 11-CV-6799 JAP, 2013 WL 3872519, at *6 (D.N.J. July 25, 2013).

The definition of a disability is concededly broad. But a stomach virus, resulting in a work absence of 2½ to 3 days—a very common human experience—is simply not in the same league as the conditions listed in the statute. As alleged, it appears to have been nothing more than a transient bout of flu, not meaningfully related to any "physical disability, infirmity, malformation or disfigurement . . . which is caused by bodily injury, birth defect or illness." The case law is in accord with that commonsense conclusion.[3]

Thus, in *McCoy v. Port Liberte Condo Ass'n #1, Inc*, Civ. No. 02-1313, 2003 WL 23330682 (D.N.J. Sept. 12, 2003) (Debevoise, J.), the plaintiff

---

[3] I do not suggest, by the way, that a disability need be immutable or severe. See *Conoshenti v. Pub. Serv. Elec. & Gas Co.*, 364 F.3d 135, 150 (3d Cir. 2004) (citing case law examples of disability during period of recovery from surgery or injury). The illness here, however, is a garden-variety ailment that was not merely temporary but truly transient.

5

experienced abdominal pain, called in sick and went to the emergency room, where she was diagnosed with "possible cystitis" and allegedly advised to stay in bed for a few days. Under the then-current definition of "handicapped" under the NJLAD, Judge Debevoise found, a bladder infection would be unlikely to qualify.

In *Photis, supra,* the plaintiff suffered from a seizure and was admitted to the hospital overnight on February 7, 2011. The diagnosis was equivocal. On February 9 he returned to work, presenting a copy of his hospital release form. This, wrote Judge Pisano, did not amount to a prima facie case of a "disability" within the meaning of NJLAD; there were no indications that it was "anything more than 'a condition of limited duration' or a 'temporary emergency situation.' *Spagnoli v. Brown & Brown Metro, Inc.*, 2007 WL 2362602, *9 (D.N.J. Aug. 15, 2007)." *Photis,* 2013 WL 3872519, at *6.

I turn to the "perceived disability" prong of Mr. Riconda's claim.

> "NJLAD protects employees who are ... perceived to be disabled from adverse employment action ...." *Glenn v. Lawrence Twp. Police Dep't,* 2012 WL 933335, *7 (D.N.J. Mar.20, 2012). "In order to demonstrate that a plaintiff is 'perceived to have' a disability, the plaintiff must show that the employer 'entertain[ed] misperceptions about the [plaintiff], either believing that the individual has a substantially limiting impairment that he or she does not have or that the individual has a substantially limiting impairment when, in fact, the impairment is not as limiting as the employer believes.'" *Id.*

*Photis,* 2013 WL 3872519, at *7.

The "perceived" disability is alleged here as a legal conclusion, without supporting facts. The Complaint does not state that the employer mistakenly believed that this stomach bug was indicative of a more serious condition. It does not allege that the employer jumped to the conclusion, for example, that the plaintiff would be out of work for an extended period of time. Mr. Riconda *did* return to work after 2½ to 3 days, as the employer well knew. Stomach flu is not a condition, such as epilepsy, that trails behind it a history of myths,

6

misconceptions, or prejudices. Indeed, virtually everyone has suffered from something similar at one time or another.

This complaint, as pled, does not contain enough factual material to establish that this ordinary ailment was, or was perceived as, a disability within the meaning of NJLAD. The plaintiff may perceive his dismissal as unfair or arbitrary, but I cannot find that he has successfully alleged that it resulted from disability discrimination.

## CONCLUSION

For the reasons stated above, the defendant's motion to dismiss Counts 1, 2, and 3 of the Complaint is granted. Despite prior opinions having been filed in this case, this is the first time that the sufficiency of the NJLAD allegations has been tested. The dismissal is therefore without prejudice to the filing, within 30 days, of a properly supported motion to amend the Complaint.

Dated: September 6, 2019

Hon. Kevin McNulty
United States District Judge

7